ACCEPTED
03-14-00577-CR
5360149
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/20/2015 1:59:16 PM
JEFFREY D. KYLE
CLERK

## CASE NO. 03-14-00577-CR

## IN THE COURT OF APPEALS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/20/2015 1:59:16 PM
JEFFREY D. KYLE
Clerk

## THIRD SUPREME JUDICIAL DISTRICT

## AT AUSTIN

## NICOLE DAWN HOLLAND,
### Appellant
### vs.

## THE STATE OF TEXAS,
### Appellee

## APPEAL FROM THE 424TH JUDICIAL DISTRICT COURT
## BURNET COUNTY, TEXAS
## THE HONORABLE JUDGE DAN H. MILLS, PRESIDING

## APPELLANT'S BRIEF

**TRACY D. CLUCK**
**Texas Bar No. 00787254**
**1450 West Hwy. 290, #855**
**Dripping Springs, TX  78620**
**Telephone: (512) 264-9997**
**tracy@tracyclucklawyer.com**

**ATTORNEY FOR APPELLANT**
**NICOLE DAWN HOLLAND**

## ORAL ARGUMENT IS NOT REQUESTED

## IDENTITY OF THE PARTIES

**APPELLANT:**
Nicole Dawn Holland
TDCJ 01962247; SID 04906312
Linda Woodman State Jail
1210 Coryell City Rd.
Gatesville, TX 76528

**TRIAL COUNSEL FOR APPELLANT:**
Barton Vana (Substituted for Matthew Reinstra)
Texas Bar No. 24084441
101 SH 281 N., Ste. 205-C
Marble Falls, TX 78654

**APPELLATE COUNSEL FOR APPELLANT:**
Tracy D. Cluck
Law Office of Tracy D. Cluck
1450 West Hwy. 290, #855
Dripping Springs, TX 78620

**TRIAL COUNSEL FOR APPELLEE:**
Richard Crowther
33rd and 424th District Attorney's Office
1701 E. Polk, Ste. 24
Burnet, TX 78611

**APPELLATE COUNSEL FOR APPELLEE:**
Gary Bunyard
33rd and 424th District Attorney's Office
PO Box 725
Llano, TX 78643

# TABLE OF CONTENTS

Identity of the Parties ………………………………………………………………ii

Table of Contents …………………………………………………………… iii

Table of Authorities …………………………………………………… iv

Statement of the Case …………………………………………………1

Issues Presented ………………………………………………………2

Statement of Facts ………………………………………………… 3

Summary of Possible Arguable Issues…………………………………… 6

Prayer ………………………………………………………………7

Certificate of Service …………………………………………………8

Certificate of Word Count...………………………………………………8

TABLE OF AUTHORITIES

Cases:

*Anders v. California*,
    386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 492 ……………………………………1

*Benson v. Ohio*,
    488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300, 1978 ……………………… 1

*High v. State*,
    573 S.W.2d 807 (Tex. Crim. App. 1978) (no issues presented for review)…1

*Lopez v. State*, 343 S.W.3d 137 (Tex.Crim.App. 2011)……………………………4

Statutes:

United States Constitution
    Amendment VIII ……………………………………………………………5

## STATEMENT OF THE CASE

Appellant was indicted in Burnet County, Texas on March 5, 2103 for Drving While Intoxicated With A Pssenger Under the Age of 15 in the Vehicle alleged to have occurredon or about November 6, 2011. This offense is a State Jail Felony. On June 21, 2013 Appellant entered a negotiated plea of guilty to this offense and was sentenced to 2 years confinement in TDCJ-SJD and a fine of $1,000, both probated for 3 years. The terms and conditions of probation agreed to by Appellant include that, during the period of probation, she would commit no offeses against the laws of this state, any other state, or the United States, that she report in person to the probation office as directed by the probation officer, that she complete 225 hours of community service as directed by the probation officer, and that she complete a DWI education class no later than six months afer the date she entered her plea and was placed on probation.

On June 11, 2014 the State filed a motion to revoke Appellant's probation alleging a number of instances of failure to report as required by the probation conditions, delinquencies in probations fees and other costs, committing a new offense—namely drving while license suspended, failure to complete community service, and failure to attend the required DWI education class within six months of being placed on probation. A revocation hearing was held on September 3, 2014. Appellant entered a plea of true to the allegation regarding failure to

1

complete the required DWI education class and not true to all other allegations in the state's motion to revoke probation. At the conclusion of the revocation hearing the trial court found by a preponderence of the evidence that Appellant had violated the terms and conditions of her probation by failing to report as required, committing a new offense—namely driving while her license was suspended, failing to complete community service, and failure to complete the required DWI education class. The trial court specifically noted on the record that it was not basing its decision in any way on Appellant's alleged failure to pay probation fees and other costs. The trial court then revoked her probation, and sentenced Appellant to two years confinement in the State Jail Division of the Texas Department of Criminal Justice and imposed a fine of $1,000. This appeal follows.

## ISSUES PRESENTED

**Because this brief is being filed in accordance of the dictates of *Anders vs. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 492; *Benson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300, 1978; and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), no issues are presented for review. A summary of facts and a discussion of potentially arguable issues will be presented to justify the conclusion of Appellant's attorney that there are no arguable appeal issues and therefore this appeal is frivolous.**

**STATEMENT OF FACTS**

Appellant, Nicole Dawn Holland, was indicted in the 424th Judicial District Court of Burnet County, Texas for the offense of Driving While Intoxicated with a Passenger Under the Age of 15, a State Jail Felony, alleged to have occurred from on or about November 6, 2011. Tr. 4.

On June 21, 2013 Appellant entered a plea of guilty pursuant to a plea agreement and was sentenced to two years confinement in state jail and a $1,000 fine probated for three years. Tr. 15-19, 21-22; R.—Vol. 2, pp. 6-11. Appellant received the terms and conditions of her probation in open court at the time of her plea. Tr. 23-29; R.—Vol. 2, pp. 16-17. On July 11, 2014 the State filed a motion seeking to revoke Appellant's probation alleging that she was delinquent on fees and other costs, had failed to report to her probation officer as required on a number of occasions, had commited a new offense while on probation—namely driving while her license was suspended, that she had failed to complete any community service, and that she had failed to complete a DWI education class within six months of being placed on probation. Tr. 30-32. The trial court held a revocation hearing on September 3, 2014. R.—Vol. 3, p. 5. Appellant entered a plea of "true" to the allegation concerning her alleged failure to complete the

3

required DWI education class and plea of "not true" to all other allegations in the state's motion to revoke probation. R.—Vol. 3, p. 5-7.

Appellant's probation officer testified that Appellant had failed to report as required on the dates alleged in the Motion to Revoke, that Appellant had failed to complete any community service as directed and approved by the probation department, that Appellant had been arrested for the offense of Driving While License Suspended while she was on probation, and that Appellant had failed to complete the required DWI educatation class as directed. R.—Vol. 3, pp. 9-10. Appellant's mother testified that although she had personally observed Apppellant operate a motor vehicle while she knew her license was suspended, that it was a medical emergency and Appellant was following her to the hospital as she was riding in an ambulance. R.—Vol. 3, pp. 15-17, 19-20.

Appellant also testified at the hearing and admitted to operating the motor vehicle while her license was suspended, but she said she needed to because of the medical emergency involving her mother and that a police officer had told her she could follow the ambulance to the hospital in her car even though her license was suspended. R.—Vol. 3, pp. 21-22. Appellant testified that she had maintained contact with her probation officer by phone, fax and email because of her medical conditions and that her probation officer had never told her that she had to meet in person. R.—Vol. 3, pp. 22, 25, 26. Appellant also testified that she was confused

4

about when she needed to complete the required DWI education class.  R.—Vol. 3, p. 23.

At the conclusion of the revocation hearing the trial court found, by a preponderance of the evidence, that Appellant had violated the terms and conditions of his probation by committing a new offense while on probation—namely drving while her license was suspended, by failing to report as directed by the probation department, by failing to complete the required community service as directed and approved by the probation department, and by failing to complete the required DWI education class within six months of being placed on probation. R.—vol. 3, pp. 30-32.  The trial court specifically did not consider Appellant's alleged delinquencies in fines and fees in making its determination noting that it could not, from the evidence, Appellant had established her ability to pay fees and costs.  R.—Vol. 3, p. 30.  The trial court also noted that Appellant had entered a pela of true to the state's allegation that she had failed to complete the required DWI education class.  *Id*. The trial court revoked Appellant's probation and sentenced her to two years confinement in state jail and a fine of $1,000.  R.—Vol. 3, p. 31; Tr. 37-38.

**SUMMARY OF POSSIBLE ARGUABLE ISSUES**

The record reflects that the trial court had ample evidence and testimony to support its finding by a preponderance of the evidence that Appellant had violated the terms and conditions of probation with respect to failing to report as required, committing a new offense while on probation, failing to complete community service, and failing to complete the required DWI class (in fact Appellant entered a plea of "true" that she had violated this condition of probation). Though it is an abuse of discretion for a trial court to revoke a probation soley for failure to pay fees where a probationer does not have the ability to pay those fees, in this case the trial court specifically based its decision to revoke only on Appellant's failure to report, her failure to complete required community service, the commission of a new offense while on probation and her failure to complete the required DWI education class rather than any failure to pay fees and costs. Having found that Appellant violated the terms and conditions of her probation, the trial court acted within its clearly established discretion to revoke Appellant's probation. The punishment assessed, two years confinement in state jail and a fine of $1,000 does not exceed the punishment Appellant agreed to in her orginal plea bargain as reflected in the record (in fact it is the same punishment Appellant agreed to in her plea bargain).

Finding no other possible error in the record, the only other arguable issue Appellant may have is that the sentence imposed by the trial court is so high that it violates the United States Constitution's provision against cruel and unusual punishment. UNITED STATES CONST., amend. VIII.  However, because the punishment assessed is within the range of punishment established by the legislature for this crime, this argument will fail.

## PRAYER

For all of the foregoing reasons, Appellant's attorney, Tracy D. Cluck, respectfully prays that this Honorable Court grant his Motion to Withdraw submitted with this brief.  Appellant's attorney sent a letter to Appellant advising her of the consequences of filing an *Anders* brief and informing her of her recourse in this matter.

Respectfully submitted,

/s/  Tracy D. Cluck

TRACY D. CLUCK
Texas Bar No. 00787254
1450 West Hwy. 290, #855
Dripping Springs, TX  78620
Telephone:  (512) 264-9997
tracy@tracyclucklawyer.com

ATTORNEY FOR APPELLANT
NICOLE DAWN HOLLAND

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Brief of Appellant, Nicole Dawn Holland, has been served on the attorney listed below by e-serve and e-mail, on May 20, 2015:

424th & 33rd District Attorney's Office
Mr. Gary Bunyard
g.bunyard@co.llano.tx.us

/s/ Tracy D. Cluck

TRACY D. CLUCK

## **CERTIFICATE OF WORD COUNT**

I certify that the pertinent portion of the brief for the Appellant, Nicole Dawn Holland, is comprised of approximately 1960 words.

/s/ Tracy D. Cluck

TRACY D. CLUCK

ACCEPTED
03-14-00577-CR
5361383
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/20/2015 2:31:11 PM
JEFFREY D. KYLE
CLERK

NO. 03-14-00577-CR

| | | |
|---|---|---|
| NICOLE DAWN HOLLAND | § | IN THE COURT OF APPEALS |
| | § | |
| v. | § | THIRD JUDICIAL DISTRICT |
| | § | |
| THE STATE OF TEXAS | § | SITTING AT AUSTIN, TEXAS |

## CERTIFICATE OF COUNSEL

In compliance with the requirements of *Anders v. California*, 386 U.S. 378 (1967), I, Tracy D. Cluck, court-appointed counsel for appellant, Nicole Dawn Holland, in the above-referenced appeal, do hereby verify, in writing, to the Court that I have:

1.   notified appellant that I filed a motion to withdraw as counsel with an accompanying *Anders* brief, and provided a copy of each to appellant;

2.   informed appellant of her right to file a pro se response identifying what she believes to be meritorious grounds to be raised in her appeal, should she so desire;

3.   advised appellant of her right to review the appellate record, should she wish to do so, preparatory to filing that response;

4.   explained the process for obtaining the appellate record, provided the complete appellate record in this cause in paper form, and provided the mailing address for this Court; and

5.   informed appellant of her right to seek discretionary review pro se should this Court declare her appeal frivolous.

Respectfully submitted,

/s/ Tracy D. Cluck

_____

Attorney for Appellant